Filed 1/19/16  P. v. Stevenson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>GEORGE A. STEVENSON,<br><br>        Defendant and Appellant. | D066641<br><br><br>(Super. Ct. No. SCE334723) |

APPEAL from a judgment of the Superior Court of San Diego County, Laura W. Halgren, Judge.  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Anthony DaSilva and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

Defendant George A. Stevenson pleaded guilty to committing assault with a deadly weapon (Pen. Code, 245, subd. (a)(1))[1] and admitted special allegations that he used a dangerous weapon (§ 1192.7, subd. (c)(23)) and inflicted great bodily injury (§ 1192.7, subd. (c)(8)) when committing the crime. He admitted the special allegations that he had served three prison terms (§ 667.5), he was convicted of a serious felony (§ 667, subd. (a)) and he was convicted in 1994 for negligently discharging a firearm (§ 246.3)—a strike conviction under the three strikes law. He was sentenced to prison for an aggregate term of 16 years. Stevenson contends the trial court abused its discretion by not granting his motion to dismiss the strike conviction allegation in the interest of justice.

FACTUAL AND PROCEDURAL BACKGROUND

Aletha Mueller and Aaron Fraser, the victim, were involved in a dating relationship. The couple knew Stevenson and his girlfriend, Crystal Stewart. On Monday, October 5, 2013, the group had been together for a day and a half, during which time they all used drugs, including heroin. The four were together in a liquor store parking lot when a verbal altercation arose between Mueller and Fraser. Mueller requested Stevenson and Stewart give her a ride home, where she lived with her mother, Joy Madore. As Mueller entered the car, Fraser became increasingly angry and attempted to grab Mueller through the car window. The three left and Fraser remained in the liquor store parking lot.

---

[1]     All statutory references are to the Penal Code.

2

While driving Mueller home, Stevenson received an angry phone call from Fraser. Fraser demanded Stevenson bring Mueller back to the parking lot and made verbal threats against Stevenson's daughter. Stevenson and Stewart dropped Mueller off at her home. A few minutes after Mueller arrived home, Fraser started knocking on the door to the home. As Madore began to open the door to let Fraser in, a car drove up and Stevenson jumped out of the passenger seat and approached Fraser. Stevenson began repeatedly stabbing Fraser with a knife in the lung and kidney area and said "die, mother fucker." Stewart, the driver, got out of the vehicle and told Stevenson to "just get it done." Fraser was not fighting back and Madore intervened, pulling Stevenson away. Stevenson apologized, saying, "I'm sorry," and he and Stewart got back in their vehicle and left the scene. Fraser suffered two stab wounds to the left front torso, three stab wounds to his lower back area around his lungs and kidney, and a large stab wound requiring staples around his abdomen. Stevenson was charged with attempted murder, but pleaded guilty to committing assault with a deadly weapon and admitted he personally inflicted great bodily injury and personally used a deadly weapon when committing the crime.

Stevenson requested the trial court dismiss the 1994 negligent discharge of a firearm conviction allegation and sentence him to the lower term. He argued that the 1994 strike conviction was too remote to be used for sentencing and exceptional circumstances warranted dismissal. The People disagreed and argued that because of the severity of the injuries to the victim in the instant offense, the prior strike conviction

3

allegation should not be dismissed.  The trial court did not dismiss the prior strike

conviction allegation and Stevenson received a 16-year prison sentence.

## DISCUSSION

The purpose of the three strikes law is to "ensure longer prison sentences and

greater punishment for those who commit a felony and have been previously convicted of

one or more serious and/or violent felony offenses."  (§ 667, subd. (b).)  If a defendant is

convicted of a felony and has had one, two or more prior convictions that qualify as

strikes, the defendant will be sentenced for the current offense under the three strikes law.

Although prior strike convictions are serious (§ 1192.7, subd. (c)) or violent felonies

(§ 667, subd. (c)), the current conviction that invokes the three strikes law is based on the

commission of any felony.  If the defendant has one prior strike conviction, he or she is to

receive a mandatory state prison sentence of twice the term otherwise provided.  (§ 667,

subd. (e)(1).)

*Section 1385, Subdivision (a)*

Section 1385, subdivision (a), allows a trial court to exercise its discretion to

dismiss a strike conviction allegation in furtherance of justice.  The three strikes initiative

was intended to restrict a trial court's discretion in sentencing repeat offenders, and thus

not only establishes a sentencing norm, but carefully circumscribes the trial court's power

to depart from this norm and requires the court to explicitly justify its decision to do so.

(*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 528.)  The law creates a

4

strong presumption that any sentence conforming to these sentencing norms is both rational and proper. (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).)

To dismiss a prior strike allegation, the court must analyze "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and . . . should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) Dismissing a prior serious felony conviction allegation is an extraordinary exercise of discretion and is therefore reserved only for extraordinary circumstances. (*People v. Philpot* (2004) 122 Cal.App.4th 893, 905.) Only by extraordinary circumstances may a career criminal be deemed to fall outside the spirit of the three strikes sentencing scheme. (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

A trial court's decision to deny a *Romero* motion is reviewed for abuse of discretion. A trial court does not abuse its discretion unless the decision to deny is so irrational or arbitrary that no reasonable person could agree with it. (*Carmony, supra,* 33 Cal.4th at pp. 376-377.) A trial court will abuse its discretion in not dismissing a prior felony conviction allegation only in very limited circumstances. (*Id.* at p. 378.) Where the trial court demonstrates a balancing of relevant facts and circumstances and has reached an impartial decision within the spirit of the three strikes law, the reviewing court shall affirm the trial court's ruling, even if the appellate court might have ruled differently

in the first instance.  (*People v. Myers* (1999) 69 Cal.App.4th 305, 309-310.)  The trial court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary.  (*Id.* at p. 310.)

Stevenson moved to dismiss the prior strike conviction allegation on the grounds it was remote in time (1994), the exceptional circumstances of the instant offense, and his background.  Stevenson contended the court should dismiss the 1994 prior strike conviction allegation because (1) he had a reputation for being nonviolent, (2) the 1994 conviction was not part of his pattern of criminal violence, (3) he was provoked in the instant offense, and (4) he would still be adequately punished without the imposition of the three strikes law.  The court reviewed Stevenson's personal and criminal history under the *Romero/Williams* criteria and found nothing extraordinary to justify exempting him from the sentencing scheme.  The court acknowledged that in the instant offense, the victim's behavior may have started the series of events that led to the stabbing, but noted the victim's conduct did not justify Stevenson's stabbing and inflicting great bodily injury upon him.  The court also noted that, based on Stevenson's criminal record, he had not been many years out of custody.  Stevenson's criminal history record began in 1990 and since then he has been convicted of six misdemeanors and four felonies, in addition to the instant offense, and had multiple probation and parole violations and revocations.

Given Stevenson's 30-year criminal history and his failures on probation and parole, he fell within the spirit of the three strikes law.  He has not shown the trial court's

denial of his motion to strike the prior conviction was arbitrary or irrational. The court did not abuse its discretion in denying Stevenson's motion.

## DISPOSITION

The judgment is affirmed.

McDONALD, Acting P. J.

WE CONCUR:

McINTYRE, J.

PRAGER, J.[*]

---

[*] Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.